UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BROWN,

                Petitioner,                      Case Number: 09-13899

v.                                                Hon. Patrick J. Duggan

SHIRLEE HARRY,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE, (2) DENYING MOTION TO EXCUSE EXHAUSTION, AND (3) DISMISSING PETITION WITHOUT PREJUDICE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 10, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On October 2, 2009, Michigan prisoner Phillip Brown ("Petitioner") filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 convictions in Oakland County Circuit Court for first-degree premeditated murder in violation of Michigan Complied Laws § 750.316(1)(a) and felonious assault in violation of Michigan Compiled Laws § 750.82. The trial court sentenced Petitioner to concurrent terms of life without the possibility of parole and 23 to 48 months imprisonment. On the same date he instituted this action, Petitioner filed a motion to hold the habeas petition in abeyance because he has matters pending in the state courts involving at least one of his habeas claims. He has since filed a motion to excuse

exhaustion, a conditional notice of dismissal on Issue XII (to be effectuated if the Court denies his motions to hold the petition in abeyance and to excuse exhaustion), as well as a first amended petition supplementing his original petition.

Petitioner previously filed a habeas application and motion to stay the proceedings with this Court concerning the same convictions and raising the same issues presented in the instant petition. *See Brown v. Harry*, Case No. 09-CV-11679. In an opinion and order dated July 13, 2009, the Court denied the motion to stay and dismissed the petition without prejudice pending Petitioner's complete exhaustion of his claims in the state courts. In his current application, Petitioner acknowledges that his delayed motion for new trial remains pending in the state courts but nonetheless seeks to pursue federal habeas relief despite the Court's prior ruling. Petitioner may not do so. For the reasons stated in the Court's July 13, 2009 opinion and order, the Court denies Petitioner's motion to hold his petition in abeyance and dismisses without prejudice the petition for a writ of habeas corpus.

Petitioner asks the Court to excuse the exhaustion requirement in this case. However, it is well-settled that a federal court may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *See Harris v. Lafler*, 553 F.3d 1028, 2031 (6th Cir. 2009). The Sixth Circuit Court of Appeals has recently made clear that the exhaustion requirement should be strictly enforced. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Accordingly, the Court denies Petitioner's motion to excuse the exhaustion requirement.

Although Petitioner now indicates that he is willing to dismiss his unexhausted claim, the fact remains that he has an action pending in the state courts concerning the same convictions at issue here. Those state proceedings could result in the reversal of his convictions, thus mooting the federal questions presented for habeas review.[1]  *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008); *Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, *3 (E.D. Mich. Aug. 6, 2001); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916, *2 (E.D. Mich. April 13, 2000). Petitioner must complete the state court process before proceeding in federal court. This case is dismissed without prejudice. The Court makes no determination as to the merits of Petitioner's claims.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Phillip Brown, #271566
Muskegon Correctional Facility
2400 S. Sheridan
Muskegon, MI 49442

---

[1] As the Court informed Petitioner when it dismissed his previously filed petition, if his pending state court action results in a final adverse ruling, he must file his habeas petition with this Court within three months of that ruling.