UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BROWN,

       Petitioner,                                    Case Number: 09-13899

v.                                                      Hon. Patrick J. Duggan

SHIRLEE HARRY,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR RECONSIDERATION - AMEND/ALTER JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 1, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Presently before the Court is Petitioner's "Motion for Reconsideration - Alter/Amend Judgment," addressing this Court's November 10, 2009 decision denying Petitioner's motions to hold his habeas case in abeyance and to excuse exhaustion and the non-prejudicial dismissal of his petition to allow him to fully exhaust his state court remedies as to each of his habeas claims. Petitioner contends that the Court should have held his petition in abeyance, excused the exhaustion requirement, and/or allowed him to voluntarily dismiss an issue rather than dismissing the petition without prejudice.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case

must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*. Similarly, motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

This is the second case in which Petitioner has filed an application for habeas relief and motion to stay the proceedings, the Court has denied the motion to stay and dismissed the action without prejudice, and Petitioner has moved for reconsideration of the Court's order. *See Brown v. Harry*, No. 09-CV-11679. As a result, Petitioner repeatedly has raised the same arguments that he now makes in his motion for reconsideration and that this Court has considered and rejected. While Petitioner indicated his willingness to dismiss his unexhausted claim for the first time in this action, he fails to assert any new reasons in his motion for reconsideration for why this should be permitted. Because Petitioner presents issues already addressed by the Court and because he has not met his burden of showing a palpable defect by which the Court has been misled as required by Local Rule 7.1(g)(3), the Court denies his motion for reconsideration.

**SO ORDERED**.

              s/PATRICK J. DUGGAN
              UNITED STATES DISTRICT JUDGE

Copy to:
Phillip Brown, #271566

Muskegon Correctional Facility
2400 S. Sheridan
Muskegon, MI 49442